IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENDRICK A. ROBINSON**  **PLAINTIFF**
ADC #550962

v.                    No. 4:22-cv-459-DPM

**CUNNINGS, #35084,**
Patrol Officer, LRPD;
**CHAVIS, #38716,**
Patrol Officer, LPRD              **DEFENDANTS**

ORDER

1. Motion to proceed *in forma pauperis*, Doc. 1, granted. Robinson must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court does not assess an initial partial filing fee. Robinson's custodian must collect monthly payments from Robinson's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Robinson's behalf must be clearly identified by the case name and case number.

2. The Court directs the Clerk to send a copy of this order to the Administrator of the Pulaski County Detention Facility, 3201 W. Roosevelt Rd., Little Rock, Arkansas 72204.

3. The Court must screen Robinson's complaint. *Doc. 2*; 28 U.S.C. § 1915A. Robinson sued Little Rock Police Officers Cunnings and Chavis in their official and individual capacities. Robinson says the officers subjected him to derogatory racial insults and racially motivated excessive force during his arrest on 22 December 2020 (Robinson provides the correct date in the addendum to his Complaint, *Doc. 3*). Robinson says the two officers viciously attacked him by repeatedly tasing him despite his already being on the ground resulting in his head slamming the concrete rendering him unconscious. Robinson seeks $17 million in damages.

4. A public records search reveals Robinson is presently facing criminal charges for possession of firearms by certain persons and resisting arrest arising from the 22 December 2020 arrest. *State v. Robinson*, 60CR-21-243. The Court must abstain from proceeding with Robinson's excessive-force claims because his criminal case, which concerns the events of his arrest, is ongoing. Arkansas has an important interest in enforcing its criminal laws, and Robinson may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). This case must, therefore, be put on hold until there's a final disposition of Robinson's pending state

charges. *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

\* \* \*

This case is stayed. Robinson can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Robinson doesn't file a timely motion to reopen or a status report by 28 June 2023 then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 June 2022